UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL VALENCIA,<br><br>      Plaintiff,<br><br>vs.<br><br>CONNIE GIPSON, WARDEN, *et al.*,<br><br>      Defendants. | Case No. 1:16-cv-00174-RRB<br><br>**<u>REMAND ORDER</u>** |

      Abel Valencia, a California state prisoner appearing *pro se*, filed this action under the Civil Rights Act, 42 U.S.C. § 1983, and declaratory relief under 28 U.S.C. §§ 2201, 2202, in the California Superior Court, Kern County against various individuals employed by the California Department of Corrections and Rehabilitation (collectively "State Defendants"),[1] and FedEx Employee Sasebes.  The State Defendants removed the matter to this Court.[2]  Valencia's complaint arises out of his incarceration at California State Prison–Corcoran.  Valencia is presently incarcerated at the Pelican Bay State Prison.

///

///

///

---

    [1] In addition to Connie Gipson, Valencia named as Defendants: C/O T. Fujioka; C/O R. Peck; Sgt. Rangel; T. Perez; California State Prison, Corcoran; and C/O Bannelous.

    [2] 28 U.S.C. § 1441(b).

## I.      SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] Failure to state a claim under § 1915A incorporates the familiar standard

---

[3]  28 U.S.C. § 1915A(a).

[4]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6]  *See Booth*, 532 U.S. at 734.

[7]  Fed. R. Civ. P. 8(a)(2).

[8]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10]   "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]   Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12]   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II.   GRAVAMEN OF COMPLAINT

Valencia's action arises out of his incarceration in the Special Housing Unit ("SHU") in CSP–Corcoran.  Valencia alleges that the Defendants lost or caused to be lost certain family photographs that Valencia terms irreplaceable.  Specifically, Valencia alleges that:

---

[9]   *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10]   *Iqbal*, 556 U.S. at 678–79; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11]   *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]   *Id.*

[13]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

1.   At the time he was transferred from the general population to the SHU he was not permitted to take all his personal property, including photographs of his deceased father as well as other members of Valencia's family.

2.   Valencia requested that the photographs be sent to a relative.

3.   Because the package was misaddressed, the photographs were neither delivered to the relative to whom they were to be sent nor returned to him.

4.   Fed-Ex Employee Sasebes failed to obtain the signature of an unknown defendant to whom the pictures were delivered and accepted before handing the pictures over.

Valencia also alleges numerous errors in the processing of and decisions made with respect to his internal grievances regarding the loss of his photographs. Although Valencia does not seek any specific relief with respect to it, he also alleges that his incarceration in the SHU was the result of a false charge of Distribution of a Controlled Substance instead of Possession of Controlled Substance, the charge upon which a criminal complaint was based and on which he allegedly went to trial.[14]   According to Valencia this supports his allegation that the State Defendants have engaged in a pattern of taking retaliatory actions against him.

As and for relief Valencia seeks:  (1) a declaration that the acts of Defendants violated his rights; (2) recovery of the pictures; (3) $300,000 in compensatory damages for the loss of the pictures of his father; (4) $80,000 for the loss of the pictures of other family

---

[14]   Valencia does not indicate in his Complaint the outcome of this trial.  In any event, he does not challenge the validity of the charge made in the state-court criminal proceeding and that issue is not before the Court.

members; (5) $50 for the photo albums; and (6) punitive damages in the aggregate of $395,000.

## III.   DISCUSSION

Often times prisoners will join state law claims, e.g., as here tort, to a federal civil rights claim.  To the extent that a prisoner alleges that the actions of defendants violated state law, § 1983 does not provide a cause of action for those claims.[15]  Disregarding the internal inconsistencies and viewing the First Amended Complaint in the light most favorable to Valencia, at best his Second Amended Complaint pleads a claim of conversion under California law.  "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort."[16]  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 whether the deprivation was random and unauthorized or not.[17]  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.[18] California law

---

[15]   *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

[16]   *Burlesci v. Peterson*, 68 Cal. App.4th 1062, 1085 (1998).

[17]   *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986);  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

[18]   *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986).

provides an adequate post-deprivation remedy for any property deprivations.[19]  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.[20]

A federal court does, however, have supplemental jurisdiction over state law claims.[21]  In the event that the federal claims are dismissed, the court may, in the exercise of its discretion, decline to exercise its supplemental jurisdiction.[22]  With respect to a *pendente* state law claim, a prisoner must show compliance with the presentment requirements of the applicable provisions of the State tort claims act,[23] which Valencia has not only failed to plead, but it is unlikely that he did.  Therefore, to the extent that Valencia alleges a violation of California law this Court declines to exercise its supplemental jurisdiction.

## IV.    CONCLUSION/ORDER

The Second Amended Complaint fails to state facts sufficient to constitute a violation of the Federal Constitution or law.  Consequently, this Court lacks subject-matter jurisdiction over Plaintiff's claims.

---

[19]  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895).

[20]  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.1989).

[21]  28 U.S.C. § 1367(a).  Frequently referred to as *pendente* jurisdiction.

[22]  28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (holding that when a district court dismisses all federal claims over which it exercises jurisdiction, the decision whether to exercise supplemental jurisdiction over state law claims is purely discretionary).

[23]  *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 627 n.4 (9th Cir. 1988).

This Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and the matter is remanded to the Superior Court for the State of California, County of Kern.[24]   This Court expresses no opinion as to the merits of Plaintiff's claims under applicable California state law.

The Clerk of the Court is directed to mail a certified copy of this Order to Clerk of the Superior Court for the State of California, County of Kern, for such further action as may be deemed necessary or appropriate by that court.[25]

**IT IS SO ORDERED** this 21st day of June, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[24]   28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

[25]   *Id.*

REMAND ORDER
*Valencia v. Gipson*, 1:16-cv-00174-RRB – 7